| |
|---|
| **Matter of De Camaret** |
| 2007 NY Slip Op 34619(U) |
| November 9, 2007 |
| Surrogate's Court, New York County |
| Docket Number: Index No. 2807/2001 |
| Judge: Roth, S. |
| Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service. |
| This opinion is uncorrected and not selected for official publication. |

SURROGATE'S COURT : NEW YORK COUNTY
-------------------------------------------x
Probate Proceeding, Will of

    FRANCINE MEYER DE CAMARET,        File No. 2807/2001
    a/k/a FRANCINE MEYER,

                Deceased.
-------------------------------------------x

R O T H , S .

    Incident to this contested probate proceeding in the estate of Francine Meyer, proponent has moved to dismiss the claim of decedent's estranged son, Patrick Gerschel, to enforce his alleged heirship rights under the laws of France (Civil Code Articles 724 and 913-930). The issue is whether decedent was domiciled in France at the time of her death.

    Mrs. Meyer was 77 years old when she died on July 28, 2001 in the condominium she owned in Manhattan. She was survived by three children, Marianne Gerschel, Laurent Gerschel and claimant. Decedent left five testamentary instruments: a will and codicil disposing of her property in Bermuda, and a will and two codicils disposing of her property in the United States.

    In the Bermuda will, dated June 25, 1988, decedent stated that she resided at "St. James Court, Unit 601, Hamilton Parish in the Islands of Bermuda" and left her Bermuda property in trust for the Emerald Foundation, a New York charity she had

established to support medical research in the area of incurable diseases. In the American will dated April 20, 2000, testatrix stated that she was "domiciled and residing at 601 St. James Court, Flatts Village, Hamilton Parish, Bermuda", disposed of her property in this Country to the Emerald Foundation. Preliminary letters issued to the three named executors on August 9, 2001.

Mrs. Meyer's estranged son, Patrick, whom she had not seen in 25 years, was the only one of her three children to object to probate of the American will in a proceeding that is still unresolved. In addition, pursuant to Articles 724 and 913-930 of the French Civil Code which limit the right of a domiciliary to disinherit children through lifetime gift or by will, Patrick (a resident of New York), brought a proceeding in Supreme Court, New York County to recover his alleged forced heirship share from the beneficiaries of various gifts made by decedent during her lifetime. Such proceeding was transferred to this court as it relates to the affairs of decedent (Matter of Piccione, 57 NY2d 278). The property involved in the claim consists of gifts totalling more than 15 million dollars that Mrs. Meyer made to a charity and various people as well as gifts in excess of 17 million dollars that she made to the Emerald Foundation.

It is noted that claimant does not seek a share of the

2

property passing under the American will probably because New York law clearly provides that when a French domiciliary directs that her will be propounded in this State and governed by its laws, the forced heirship laws of France do not apply (<u>Matter of Renard</u>, 108 Misc. 2d 31, <u>aff'd</u> 85 AD2d 501, <u>aff'd</u> 56 NY2d 973).

We turn now to the law governing domicile which is defined as "A fixed, permanent and principal home to which a person wherever temporarily located always intends to return" (SCPA 103[15]). Our highest court has held that a person may have more than one residence but only one domicile that continues until a new domicile is acquired and that "[m]otives are immaterial, except as they indicate intention. A change of domicile may be made through caprice, whim or fancy, for business, health or pleasure, to secure a change of climate, or a <u>change of laws</u> (emphasis added), or for any reason whatever, provided there is an absolute and fixed intention to abandon one and acquire another and the acts of the person affected confirm the intention." (<u>Matter of Newcomb</u>, 192 NY 238, 251).

The uncontested facts establish that Mrs. Meyer was born in France where she lived with her husband, a French diplomat, until sometime in the mid-1970's when she changed her domicile to Switzerland. After some 20 years, she sold her Swiss home and

3

[* 3]

surrendered her Swiss residence permit.  In 1997, she bought a five-bedroom condominium in Bermuda and clearly and deliberately took the steps necessary to establish her domicile there.

In January 1998, the Bermuda government issued a certificate granting permission to decedent to reside in Bermuda and stating her residence there.  As she remained a citizen of France, she applied for a passport which was issued on February 1, 2000 listing her Hamilton Parish Bermuda address as her "Domicile/Residence".  In addition, the "Certificate of matriculation and residency" dated January 9, 2004 issued by the French Consul General in New York, certified that Mrs. Meyer was registered as a resident of Bermuda from September 14, 1998 to September 14, 2001.  Furthermore, all the documents prepared for her including both the American and Bermuda wills, her power of attorney, her health care proxy and her letter of instructions regarding disposition of her remains dated December 12, 2000 all confirm that she intended to be a domiciliary of Bermuda.

For his part, claimant contends that his mother was domiciled in France because during the period from July, 1998 through July, 2001 she spent 400 days in France and only 27 days in Bermuda.  She, however, did not own or rent any home in France but rather stayed at hotels or with friends.  Moreover during

4

such period the proof establishes that she spent 107 days in other European Countries and 574 days in the United States presumably in New York at the 5th Avenue condominium that she bought in 1986. Claimant further notes that the decree of the Supreme Court of Bermuda admitting Mrs. Meyer's Bermuda will to probate states that she was "domiciled in the United States of America." Such statement does not, however, help claimant since the issue is not whether decedent was domiciled in Bermuda or, for that matter, in the United States but whether she was a domiciliary of France which, clearly, she was not. Mrs. Meyer had relinquished her domicile there almost 30 years ago and intended never to be a French domiciliary again, and her intent is the controlling factor.

Based upon all the foregoing, it is concluded that Mrs. Meyer intended not to be, and was not, domiciled in France at her death.

Accordingly, this decision constitutes the order of the court granting proponent's motion to dismiss the claim of Patrick Gerschel.

_____
S U R R O G A T E

Dated: November 9, 2007

5